United States of America,

       Plaintiff,

v.                                               Crim. No. 10-178 (JNE/JSM)
                                               ORDER

Joaquin Bravo Flores,

       Defendant.

A grand jury indicted Defendant for being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A) (2006). Defendant moved to dismiss the indictment, arguing that § 922(g)(5)(A) is facially unconstitutional in light of *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008) (recognizing an "individual right to possess firearms" codified in the Second Amendment). In a Report and Recommendation dated September 17, 2010, the magistrate judge recommended that the motion be denied. Defendant objected to the Report and Recommendation, and the government responded. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). For the reasons stated below, the Court denies Defendant's motion to dismiss.

In his objection, Defendant argues that § 922(g)(5)(A) is unconstitutional because illegal aliens are entitled to the protections of the Second Amendment. The Court need not address this argument to determine that § 922(g)(5)(A) is constitutional. Even if illegal aliens fall within the ambit of the Second Amendment, § 922(g)(5)(A) is constitutional as a "presumptively lawful regulatory measure" prohibiting the possession of firearms. *Heller*, 128 S. Ct. at 2816-17. "Like most rights, the right secured by the Second Amendment is not unlimited." *Id.* at 2816. The Supreme Court cautioned in *Heller* that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws

forbidding the carrying of firearms in sensitive places such as schools and government buildings." *Id.* at 2816-17. The Supreme Court emphasized that this list of "presumptively lawful regulatory measures" provided examples of such regulations and did "not purport to be exhaustive." *Id.* at 2817 n.26.

To date, no court has accepted the argument advanced by Defendant. *See, e.g.*, *United States v. Yanez-Vasquez*, No. 09-40056, 2010 WL 411112, at *3-5 (D. Kan. Jan. 28, 2010); *see also United States v. Luviano-Vega*, No. 5:10-CR-184, 2010 WL 3732137, at *3 (E.D.N.C. Sept. 20, 2010) ("*Heller* . . . provides no support for defendant's contention that aliens illegally present in the United States possess a Second Amendment right to bear arms."). In rejecting a facial challenge to 18 U.S.C. § 922(g)(3), which prohibits firearm possession by unlawful users or addicts of any controlled substance, the Eighth Circuit found that § 922(g)(3) "has the same historical pedigree as other portions of § 922(g) which are repeatedly upheld by numerous courts since *Heller*." *United States v. Seay*, 620 F.3d 919, 924-25 (8th Cir. 2010) (citing Gun Control Act of 1968, Pub. L. No. 90-618, 82 Stat. 1213). Section 922(g)(5)(A) also shares this pedigree. Nothing argued by Defendant, or in *Heller* itself, persuades this Court that § 922(g)(5)(A) is different from the other status-based exceptions listed under § 922(g).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.    Defendant's Motion to Dismiss [Docket No. 18] is DENIED.

Dated: November 15, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge